UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IDIN DALPOUR,<br><br>Defendant. | **SEALED INDICTMENT**<br><br>24 Cr.<br><br>**24 CRIM 264** |

**COUNT ONE**
**(Wire Fraud)**

The Grand Jury charges:

1. From at least in or about 2020 up to and including in or about April 2024, in the Southern District of New York and elsewhere, IDIN DALPOUR, the defendant, ran a Ponzi scheme targeting investors located the United States and abroad. DALPOUR solicited investments from victims through an entity that he controlled ("Entity-1"), which purported to have an interest in two business ventures: a Las Vegas hospitality enterprise and a cryptocurrency trading enterprise. In truth and in fact, DALPOUR did not use investors' funds as promised and paid earlier investors purported returns using funds that were contributed by later investors. DALPOUR defrauded investors of at least $43 million over the course of the scheme.

2. As part of the purported Las Vegas hospitality enterprise, IDIN DALPOUR, the defendant, falsely represented that Entity-1 had contracted with a management company (the "Management Company") and/or a prominent Las Vegas hotel (the "Hotel") to rent condominiums to Las Vegas visitors for a fee. DALPOUR further claimed that the Hotel arranged entertainment packages for these visitors, including food, nightlife, and sports events, and that DALPOUR and Entity-1 received a portion of these proceeds. DALPOUR also falsely claimed that he owned

shares in several Las Vegas-based sports stadiums (the "Stadiums") and would receive a portion of concessions revenues when these visitors went to the Stadiums.

3. IDIN DALPOUR, the defendant, lured investors into the Las Vegas hospitality enterprise through false promises of lucrative returns. DALPOUR promised investors returns beginning at 42% interest per year. In order to further the fraud, DALPOUR provided certain investors with fabricated contracts between his Entity-1, the Management Company, and the Stadiums. DALPOUR also fabricated email correspondence from the Hotel falsely claiming that his company, Entity-1, was owed millions of dollars, and created phony bank statements overstating the assets in Entity-1's bank accounts. DALPOUR also claimed that investors' money was safe because it was insured and/or would be held in escrow. These statements were false.

4. In connection with the Ponzi scheme, IDIN DALPOUR, the defendant, further misrepresented a so-called cryptocurrency trading enterprise that DALPOUR purportedly operated. As part of the cryptocurrency trading scheme, DALPOUR falsely represented to investors that he purchased cryptocurrency at wholesale and sold the cryptocurrency at a profit to retail investors. As with the Las Vegas hospitality enterprise, DALPOUR promised investors lucrative annual returns and that their money was insured. These statements were false.

5. In reality, IDIN DALPOUR, the defendant, did not use investor money for the Las Vegas hospitality enterprise or the cryptocurrency trading enterprise. Instead, DALPOUR used investor money to pay other investors their expected returns, as well as to pay for his own personal expenses. These personal expenses included, among other things, approximately $1.7 million in gambling losses, over $400,000 in payments to Art Direct, and private school tuition for his children.

6. IDIN DALPOUR, the defendant, also lied to investors when they sought to recoup

their money. Among other things, DALPOUR claimed that his company's funds were temporarily frozen because the Hotel's servers had been hacked, and that the Nevada-based bank allegedly holding Entity-1's funds would not release the proceeds. In truth and in fact, Entity-1 did not even have a bank account with the Nevada-based bank, as DALPOUR well knew.

7.    In or about November 2023, a group of victims confronted IDIN DALPOUR, the defendant, about the Ponzi scheme. During this conversation, DALPOUR admitted that he had lied to the victims about the operation of the Las Vegas hospitality business, that he had not used investor money for its intended purpose, and that he had fabricated contracts and bank records that he had provided to the victims. DALPOUR further stated, in his own words, "[w]hat you already have, you have, you can put me in jail now. Like right now."

## Statutory Allegations

8.    From at least in or about 2020 up to and including in or about April 2024, in the Southern District of New York and elsewhere, IDIN DALPOUR, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, DALPOUR defrauded investors in his company, Entity-1, by making false and fraudulent representations to induce these investors to provide their funds to DALPOUR, who thereafter secretly misappropriated these investors' funds, and sent and received, and caused others to send and receive, wire transfers, emails, and other electronic communications, to, from, and through the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

9.   As a result of committing the offense alleged in Count One of this Indictment, IDIN DALPOUR, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

10.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

4

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney